UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Anita Praisler | ) | CASE NO. 06-CV-52 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Ryder Integrated Logistics, Inc., and | ) | Memorandum of Opinion and Order |
| Thomas Horton | ) | |
| Defendants. | ) | |

### INTRODUCTION

This matter is before the Court upon Plaintiff's motion to remand and motion for sanctions (Doc. 3). This case arises out of the termination of Plaintiff from her position as a customer service coordinator at Defendant Ryder Integrated Logistics, Inc. For the reasons that follow, Plaintiff's motion to remand is GRANTED and her motion for sanctions is DENIED.

### FACTS

Plaintiff Anita Praisler is a resident of Medina County, Ohio. Defendant Ryder Integrated Logistics Inc. ("Ryder") is a Delaware corporation with its principal place of business in Florida. Defendant Thomas Horton was a manager at Ryder.

This action was originally filed in the Medina County Court of Common Pleas on April

28, 2005. Plaintiff claims that she was employed as a customer service coordinator for Ryder. Mr. Horton was her manager. Ms. Praisler's Complaint seeks over $5,000,000 in damages on claims that she was wrongly terminated in retaliation for reporting safety violations by her employer. The Complaint states that Mr. Horton's "address will be inserted into an amended pleading once it is discovered." A summons issued to Mr. Horton was "c/o Ryder Integrated Logistics, 112 West Smith Rd., Medina, Ohio 44526."

Defendants, represented by the same counsel, first removed the action to this Court on May 17, 2005. Defendants' Notice of Removal acknowledged that "Plaintiff names Mr. Horton, an Ohio citizen, as an individual defendant." Defendants argued that Mr. Horton had been fraudulently joined to the action in order to avoid diversity jurisdiction. The Court disagreed, finding that Ohio law supported a claim against Mr. Horton. The case was remanded to the Medina County Court of Common Pleas on July 10, 2005.

As part of discovery in the State action, Ms. Praisler sought the names and addresses of the Defendants' witnesses. One of the witnesses identified was Mr. Horton. No addresses were provided for any of the witnesses, even though Mr. Horton verified the interrogatory responses on August 16, 2005. On December 13, 2005, Mr. Horton testified at a deposition as follows:

> **Q.** What is your residence address?
>
> **A.** 5710 Kinlock ---
>
> **Q.** How do you spell that?
>
> **A.** K-i-n-l-o-c-k, Place, that's Fort Wayne, Indiana.

Within 30 days of that deposition, on January 9, 2005, the Defendants removed this action from the Medina County Court of Common Pleas.

**DISCUSSION**

Defendants to a state court action may remove the case to federal court where the action could have originally been brought in federal court. 28 U.S.C. § 1441. One such basis is complete diversity of citizenship, wherein all parties on one side of the action are diverse from all parties on the other side of the action.[1] *SHR Ltd. P'ship v. Braun*, 888 F.2d 455, 456 (6th Cir. 1989). The Defendants' right to remove is subject to strict time limitations. In most cases, the removal notice must be filed:

> within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).

However, when "the case stated by the initial pleadings is not removable," removal is proper within thirty days of "receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." *Id*. A deposition transcript qualifies as an "other paper" under 28 U.S.C. § 1446(b). *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 466 (6th Cir. 2002).

The party opposing remand bears the burden of proving diversity jurisdiction. *Gafford v. General Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993). "All doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

---

[1] The parties do not dispute that the amount in controversy requirement is met.

The parties differ on whether the thirty-day clock for removal had already elapsed prior to the deposition. Ms. Praisler contends that the Defendants' 30-day window for removal ended well before that deposition, since Mr. Horton should have been aware of his own citizenship at the time the case was filed, at the time of the first notice of removal, or at least when Mr. Horton's address was sought during discovery. Defendants counter that their subjective knowledge of Mr. Horton's citizenship has no bearing on the proper timing of removal. It is undisputed that no "amended pleading, motion, order or other paper" explicitly stated Mr. Horton's Indiana address prior to the December 13 deposition. According to Defendants, the 30-day window for removal did not begin until Mr. Horton's citizenship was disclosed in the deposition.

Numerous courts in other jurisdictions have held that a defendant's duty to search beyond the pleadings for a basis for removal is limited. *E.g., Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005); *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001); *In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000). In general, these courts hold that the basis for removal must be apparent from the face of a pleading, motion, order or other paper; courts need not consider a defendant's subjective knowledge of jurisdictional facts or impose a duty to inquire further. *Harris*, 425 F.3d at 694; *Lovern v. General Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997). The contrary rule would encourage premature removal notices by litigants wary of waiving their right to removal. *See Harris*, 425 F.3d at 698; *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992).

Although the logic behind this approach is compelling, this logic does not apply to a defendant's own citizenship. Even those jurisdictions that limit a defendant's initial duty of

4

inquiry require a defendant to "intelligently ascertain" from the pleading whether the action is initially removable. *Whitaker*, 261 F.3d at 206. Although the Sixth Circuit has not taken an explicit position on whether a defendant's subjective knowledge can start the removal clock,[2] it similarly holds that "[t]he removability of the action must be readily ascertainable from the face of the pleading." *Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d 963, 968 (6th Cir. 1993). Unlike a plaintiff's damage claim, cause of action, or citizenship, a defendant's citizenship does not even bring the defendant's subjective knowledge into play, since an individual or a corporate defendant can be expected to know its own citizenship. Moreover, unlike an indeterminate damage claim or an unclear federal claim, it is highly unlikely that requiring a defendant to assert his own citizenship will result in the improper or premature removal of cases. Thus, the older foreign cases that found no duty to remove when the only unknown jurisdictional fact was the defendant's citizenship are not persuasive. The Court holds that Mr. Horton is charged with knowledge of his own citizenship. *See City of Albion v. Guar. Nat'l Ins. Co.*, 35 F.Supp.2d 542, 547 (W.D. Mich. 1998) (explaining that "a defendant is

---

[2] Courts within the Sixth Circuit have been much more willing to consider a defendant's subjective knowledge than courts in other jurisdictions, even on issues which require significant inquiry such as the jurisdictional damage threshold. *E.g., Bragg v. Kentucky RSA # 9-10, Inc.*, 126 F.Supp.2d 448, 450 (E.D. Ky. 2001) (finding that "Defendants had actual knowledge that the Plaintiff's damages clearly exceeded the statutory base level required for removal to federal court"); *Green v. Clark Refining & Mktg., Inc.*, 972 F.Supp. 423, 425 (E.D. Mich. 1997) (finding that a listing of "the nature of plaintiff's damages and relief requested as compensation for her injuries should have alerted defendants that plaintiff was seeking at least $75,000"); *Mielke v. Allstate Ins. Co.*, 472 F.Supp. 851, 853 (E.D. Mich. 1979) (finding that the action should have been removed initially based on the defendant's subjective knowledge that the claims exceeded the jurisdictional threshold).

expected to know its own principal place of business").

This does not end the inquiry, however.  Here, there are two defendants.  Ryder argues that it should not be expected to know Mr. Horton's citizenship.  Although unrelated defendants might not be charged with knowledge of their codefendants' citizenship in some cases, a blanket rule that completely ignores the parties' close relationship in all instances is unwarranted and would encourage gamesmanship.  Here, Mr. Horton is a Ryder employee and the claims against him are related to the performance of his duties for Ryder.  Ryder and Mr. Horton are represented by the same counsel.  Under these circumstances, the Court finds that Ryder and joint counsel were required to "intelligently ascertain" the citizenship of Mr. Horton at the time the case was filed.

Morever, the first removal petition was itself a "pleading, motion, order or other paper" that started the removal clock.   Ryder and Mr. Horton *both* removed the case once already.  *Loftis v. UPS*, 342 F.3d 509, 516 (6th Cir. 2003) (explaining that the "rule of unanimity demands that all defendants must join in a petition to remove a state case to federal court").  Defendants joining in a removal petition can be expected to ask each other of their citizenship.  Such an oversight is simply inexcusable when they are represented by the same counsel.

Indeed, it is not entirely clear that this was an oversight.  At his December 13, 2005, deposition Mr. Horton disclosed his *present* residence in Fort Wayne, Indiana.  However, the Defendants' May 15, 2005 notice of removal described Mr. Horton as *an Ohio citizen*.  When the removing party claims diversity based on matters revealed in "an amended pleading, motion, order or other paper[,]" complete diversity must be shown both at the time the state action is commenced and at the time of removal.  *Easley v. Pettibone Mich. Corp.*, 990 F.2d 905, 908 (6th

Cir. 1993). This rule prevents a nondiverse defendant from creating diversity by moving after a lawsuit is filed. 14B Charles Alan Wright, *et al.*, *Federal Practice & Procedure* § 3723. From the record before the Court, it appears that Mr. Horton moved after the initial removal. Accordingly, Defendants have not demonstrated that complete diversity existed at the time that the state action was commenced and remand is also proper for that reason.

Ms. Praisler also seeks sanctions. Defendants counter that Ms. Praisler has not complied with the requirements of Rule 11. This argument misses the mark. The Court may award costs and fees pursuant to 28 U.S.C. § 1447, which states that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Court has discretion in deciding whether to award costs and fees. *Bartholomew v. Town of Collierville*, 409 F.3d 684, 686 (6th Cir. 2005); *Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir. 1993). However, fees must be awarded if the removing parties' argument was "devoid of even fair support." *Bartholomew*, 985 F.2d at 688.

Here, the parties focused almost exclusively on the later discovery of Mr. Horton's citizenship. Although Defendants argument is hyper-technical, their legal position found some support in previous cases and was not directly contrary to controlling Sixth Circuit precedent. The Court concludes that Defendants' position was not devoid of even fair support and that sanctions are not appropriate.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion to remand is GRANTED and the motion for sanctions is DENIED.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 2/27/06